**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION**

SIENA LENDING GROUP LLC,

                              Plaintiff,

v.                                                                          Civil No. 1:25-cv-00139

HERO BX ALABAMA, LLC, *et al.*,

                              Defendants.

## CONSENT ORDER APPOINTING RECEIVER

This matter came before the court on the Motion (the "Motion") of Siena Lending Group LLC ("Plaintiff"), by and through its counsel, for Appointment of Receiver over each of Defendants Hero BX Alabama, LLC ("Hero Alabama"), Hero BX Management & Consulting, LLC ("Hero Management"), Lake Erie Biofuels, LLC (d/b/a Hero BX) ("Hero BX"), SB Alabama Properties, LLC ("SB Alabama"), SB Erie Properties, LLC ("SB Erie"), SB Illinois Properties, LLC ("SB Illinois"), and SB Iowa Properties, LLC ("SB Iowa," and collectively, "Defendants" and each a "Defendant") and all of the assets and operations of Defendants, the Court having considered the Motion and  the Complaint, and the Defendants having consented to the relief requested herein, it is ORDERED that:

1.        Compass Advisory Partners, LLC is hereby appointed receiver ("Receiver") of and over Defendants and all of their respective assets (the "Receivership Assets"), with all of the powers and obligations set forth herein.  The Receivership Assets include, without limitation, (a) the real property and operations located at: (i) 1670 E Lake Rd, Erie, PA 16511, (ii) 12892 Cherokee Bend Parkway, Moundville, AL 35474, (iii) 227R Atlantic Avenue, North Hampton, NH 03862, (iv) 7350 State Road Routh 111, South Rozana, IL 62087, and (v) 5640 44th Avenue

South, Clinton, IA 52732 (collectively, the "Real Properties"); (b) all contract rights of Defendants; (c) all accounts receivable of Defendants; (d) all inventory, raw materials and finished goods; (e) all bank accounts of Defendants; (f) all claims and causes of action, except that the Receiver agrees to retain Anthony Angelone of Nietupski Angelone, LLC, et al., to continue prosecuting the action pending in the United States District Court for the Western District of Pennsylvania at Case No. 1:24-cv-00128-SPB styled *Samuel P. Black, III, et al., v. Soomi James, et al.*; and (g) all proceeds arising from disposition of the Receivership Assets.

2.      The Receivership Assets remain subject to Plaintiff's liens to the full extent of the amounts due. The appointment of Receiver shall not impair Plaintiff's rights or be deemed a waiver of Plaintiff's secured position.

3.      Receiver shall take immediate possession and full control of the Receivership Assets and shall take such other actions as Receiver deems reasonable and appropriate to effectuate this order, to prevent waste, and to preserve, manage, secure, and safeguard the Receivership Assets in accordance with the powers granted herein.

4.      Receiver shall have and may exercise the following powers, and such additional powers, that are provided by law and the Court may time to time confer:

        a.      to manage and preserve the Receivership Assets;

        b.      to do all things which Defendants may do in the exercise of ordinary business judgment or in the ordinary course of the operation and use of the Receivership Assets;

        c.      to exercise all the powers of each Defendant, their officers, directors, and members, or persons who exercise similar powers and perform similar duties, including without limitation the sole authority and power to file a voluntary petition under Title 11 of the United States Code;

      d.     to assert any rights, claims, defenses or causes of action of Defendants, except that the Receiver agrees to retain Anthony Angelone of Nietupski Angelone, LLC, et al., to continue prosecuting the action pending in the United States District Court for the Western District of Pennsylvania at Case No. 1:24-cv-00128-SPB styled *Samuel P. Black, III, et al., v. Soomi James, et al.*;

      e.     to assert rights, claims or causes action of Receiver arising out of transactions in which Receiver is a participant.

5.     Subject to the Budget (defined below), Receiver shall have and may exercise the following powers, and such additional powers that are provided by law and that the Court may from time to time direct or confer:

      a.     take and maintain possession of all documents, books, records, papers, and deposit accounts relating to the Receivership Assets;

      b.     if necessary, change any locks, passcodes or passwords to the Receivership Assets, as appropriate and exclude Defendants and their respective agents, servants, and employees from the Receivership Assets;

      c.     execute and deliver, in the name of Defendants or in Receiver's own name, such documents and instruments as are necessary or appropriate to consummate transactions authorized hereunder;

      d.     manage, operate, preserve and maintain the Receivership Assets as a prudent person would, including, without limitation, the power to enter into, terminate or negotiate contracts and make repairs or alterations to the Receivership Assets that Receiver in its business judgment reasonably believes necessary for the management, operation, preservation and maintenance of the Receivership Assets and to maximize their value;

e.      hire, fire, select, and retain employees of Defendants as Receiver deems reasonable or necessary to preserve and maintain the value of the Receivership Assets;

f.      employ such brokers, marketing agents, consultants or other professionals as Receiver may in its discretion deem appropriate or desirable to implement and effectuate a sale of the Receivership Assets;

g.      engage attorneys or other professionals, as appropriate, in order to advise and assist Receiver in carrying out its duties and appearing in Court or other proceedings on its behalf;

h.      collect accounts receivable, insurance claim proceeds, tax refunds, utility deposits, security deposits, from the Receivership Assets, if any, from any time period whether historical, current or prospective, and receive any such assets presently in the possession of Defendants and/or their agents;

i.      repossess personal property of Defendants in the possession of another as provided by law;

j.      sue for unpaid receivables, income, or proceeds in the name of Defendants;

k.      subject to Plaintiff's prior written consent, compromise receivables or other sums that may become due;

l.      deal with issues and other matters with vendors, municipalities, and governmental entities, as necessary;

m.      open any mail intended for and/or directed to Defendants;

n.      enter into an agreement for the operation of Defendants upon the consent of Plaintiff, which consent shall not be unreasonably withheld;

o.    take all actions necessary to maintain and/or transfer existing licenses, permits and authority from all relevant governmental agencies, and third-party payor agreements, and to take all actions necessary to enroll or re-enroll Defendants in any and all available state and federal subsidy and reimbursement programs;

p.    conduct a marketing and sale process with respect to the Receivership Assets, and direct the sale of all or portions of the Receivership Assets under such terms and conditions as the Receiver and Plaintiff deem appropriate or desirable; provided, however, that Receiver shall have full and final decision making as to any proposed sale and shall seek Court approval of any sale of the Real Properties.  For avoidance of doubt, the Receiver may consult with Samuel P. Black ("Black") in connection with the marketing and sale process of the Receivership Assets;

q.    communicate and share information with prospective purchasers and provide Plaintiff with copies of such information;

r.    in accordance with Section 17 below, borrow funds from Plaintiff or use Plaintiff's cash collateral, secured by a senior and paramount lien upon the Receivership Assets for the purposes of performing Receiver's obligations under this or other orders of this Court, and preserving or enhancing the value of the Receivership Assets, on terms and conditions agreed upon by Plaintiff;

s.    take possession or control of all existing bank accounts, cash and funds belonging to or for the benefit of Defendants in accounts associated with the Receivership Assets (regardless from what time period), whether in the name of Defendants or their agents, and to open, transfer, and change all such bank accounts into the name of Receiver, if appropriate, or otherwise take such actions as necessary to ensure such bank accounts are under the control of Receiver and

ensure Defendants do not have access to such accounts without consultation with Receiver, all in compliance with legal requirements;

t.    institute, defend, or compromise actions or proceedings in state or federal courts now pending and hereafter instituted, as may in Receiver's discretion be advisable or proper for the protection and administration of the Receivership Assets;

u.    maintain and/or obtain insurance covering the Receivership Assets;

v.    take all such further actions and enter into all such other agreements as Receiver in its professional discretion deems appropriate or desirable to preserve, protect and maximize the value of the Receivership Assets.

6.    Except as approved and authorized by Receiver, Defendants shall have neither possession nor control of, nor any right to, the Receivership Assets or money or other proceeds derived from the Receivership Assets unless and until the receivership is terminated and Receiver is discharged.  Defendants shall in all respects comply with this Order, and are hereby enjoined and restrained from impeding or interfering in any manner with the exercise by Receiver of its rights, powers, and duties.

7.    Following entry of this Order, Defendants shall not enter into any lease, contract, or agreement of any kind or character relating to the Receivership Assets and shall not grant any lien upon or security interest in the Receivership Assets.

8.    Except as authorized by Receiver, Defendants shall not enter or be present at any of the Real Properties, communicate in any manner with the employees, or modify, terminate or cause to be modified or terminated any license, permit, lease, easement, contract or agreement, if any, relating to the Receivership Assets; provided, however, that any of the Defendants' employees who the Receiver designates and authorizes to assist in the receivership or to continue to work in

the ordinary course of their management duties are expressly excluded from the limitations set forth in this Paragraph 8 and are permitted to enter and be present at any of the  Real Properties, and to perform in the ordinary course of their management duties as authorized by the Receiver, without such restrictions.

9.      Defendants are hereby enjoined and restrained from collecting any revenues, receivables, proceeds, or other sums payable with respect to the Receivership Assets outside the ordinary course of their management duties authorized by Receiver.  Should Defendants come into possession of any such revenues, receivables, proceeds, or other sums subsequent to the date of entry of this Order, Defendants shall promptly remit same to Receiver in the form received.

10.     Neither Defendants nor anyone acting under Defendants' authority or control shall: (a) remove or destroy any Receivership Assets from the Real Properties whether constituting collateral of Plaintiff or otherwise; (b) make any disparaging statement to employees or third parties regarding Receiver or cause such persons or entities to resign, transfer to another property associated with Defendants or refuse to deal with Receiver; or (c) otherwise interfere with Receiver in carrying out its duties under this order and applicable law.

11.     Until further order of this Court, all bailees or other persons in possession of the Receivership Assets or any portion thereof shall turn over such Receivership Assets to Receiver, and until further order of this Court (a) shall pay over to Receiver, or its duly designated agent, all rents, revenues, receivables, proceeds, or other sums payable with respect to the Receivership Assets which are now due and unpaid or hereafter become due; and (b) they are hereby enjoined and restrained from paying to Defendants or their agents, officers, directors, employees, or attorneys any such rents, receivables, revenues, proceeds, or other sums, except with Receiver's consent.

12.     Within seven (7) calendar days from the entry of this Order, or as soon thereafter as is practicable, and without prejudice to reasonable extensions of this deadline, and to the extent in Defendants' possession, custody or control, Defendants and their agents and employees shall make available to Receiver, or cause their employees to deliver or make available to Receiver the following, to the extent such items and things exist:

a.     all Receivership Assets and all funds generated by or from the Receivership Assets, whether such funds are held in a collateral related account or not, including but not limited to:  (i) all cash on hand; (ii) all cash equivalents and negotiable instruments (such as checks, notes, drafts or other related documents or instruments); and (iii) all sums held in accounts in any financial institutions, including but not limited to (A) security deposits received by Defendants, (B) deposits held in escrow by Defendants for any purpose, such as for payment of real estate taxes and insurance premiums, (C) proceeds of insurance maintained for, or pertaining to, the Receivership Assets, (D) rent or prepaid rent, (E) funds designated or intended for capital improvements, repairs, or renovations to, or in connection with, the Receivership Assets, and (F) all other sums of any kind relating to the use, enjoyment, possession, improvement, or occupancy of all or any portion of the Receivership Assets;

b.     copies of any and all service contracts pertaining to the Receivership Assets and/or to which any Defendant is a party;

c.     copies of any and all management contracts and/or agreements pertaining to the Receivership Assets and/or to which any Defendant is a party;

d.     copies of any and all leases, lease abstracts, purchase agreements and the like pertaining to the Receivership Assets and/or to which any Defendant is a party;

e.    all open invoices for services or goods relating to the Receivership Assets and/or to which any Defendant is a party;

f.    all records evidencing Defendants' accounts receivable, accounts payable, and any and all agreements, documented and undocumented, with any creditor, respecting any payment plan or agreement, demand, or suit;

g.    copies of existing financial statements; balance sheets, income statements, accounts receivable (and receivables/arrearages aging), operating statements, current year budgets, sources and uses of cash flows, detailed rent rolls, accounts payable, check registers, security deposit listings, trial balances, general ledgers, contractor statements, lien waivers, sworn owner statements, construction draws, bank reconciliations, and bank statements, including any passwords which may be associated with any financial documents or accounts;

h.    a complete set of keys (including all masters) and all security and/or access codes and/or cards to the Real Properties and a schedule (including full contact information) identifying each person or entity (including security companies, municipal/governmental agencies and utility companies), who currently has one or more keys and/or access cards to the Real Properties or who has knowledge of any access codes thereto;

i.    any and all records and information Defendants or their agents, affiliates or employees may have concerning the Receivership Assets, including without limitation all written and/or electronic books, records, correspondence, and other information (including any computer hardware or software login and password information) related to:  (i) any agreements to which Defendants and/or the Receivership Assets are or may be subject; (ii) all liens or other encumbrances on the Receivership Assets or against Defendants; (iii) taxes, assessments and related appeals; (iv) insurance of all types for Defendants (including, but not limited to, liability,

property, excess liability, auto liability, boiler and machinery, business interruption, professional liability, employee dishonesty, builders risk, construction related insurance and worker's compensation) including information regarding insurance which may be issued to Defendants; (v) all invoices for services at the Real Properties; (vi) all marketing information (in hard copy and electronic format) including but not limited to brochures, photographs (including aerial), maps, and signage; (vii) copies of all state and federal tax returns signed and filed by Defendants for calendar years 2024, 2023 and 2022; and (viii) all other records related to the Receivership Assets that are or may be necessary or pertinent to Receiver's management, maintenance, operation and/or sale of the Receivership Assets;

j.      all property and all other things of value associated with use, operation and maintenance of the Receivership Assets; and

k.      all correspondence with regulators and/or licensing entities regarding the Receivership Assets.

13.    Defendants shall cause, and Receiver shall be authorized on Defendants' behalf to cause, Receiver and its agents to be named as an additional insured on any insurance policies covering the Receivership Assets.

14.    Defendants shall at all times after the entry of this Order provide full cooperation to, and shall not in any way interfere with, Receiver in carrying out its duties hereunder, and shall timely respond to all reasonable requests made by Receiver.  Defendants' obligations pursuant to this Order shall be continuing.  Neither Defendants nor anyone associated therewith or acting under their authority or control shall in any way directly or indirectly impair the value of the Receivership Assets or interfere with Receiver in the exercise of its duties pursuant to this Order.

15.     Receiver is authorized to open and maintain appropriate business accounts for the Receivership Assets in institutions approved in writing by Plaintiff and subject to account control agreements in form and substance acceptable to Plaintiff.  Any deposit account agreements, blocked account agreements and similar bank account agreements that were in place prior to the entry of this Order shall remain in effect and are hereby ratified and reaffirmed.

16.     Subject to the Budget (as defined in Section 17 below) and the other provisions of this Order, Receiver shall pay, from the proceeds of the Receivership Assets, all such reasonable costs and expenses as shall be incurred by Receiver in the ordinary course of business in connection with the maintenance, protection, and preservation of the Receivership Assets, including, without limitation, reasonable expenses required to put the Receivership Assets in a saleable market-ready condition or otherwise necessary to realize the value thereof.  Neither Receiver nor Plaintiff shall be liable for any expenses incurred with regard to the Receivership Assets prior to Receiver taking possession of the Receivership Assets, nor shall Receiver or Plaintiff be required to use the Receivership Assets for payment of any expenses incurred with regard to the Receivership Assets prior to the date of this Order.  Notwithstanding the foregoing, Receiver may, in Receiver's sole discretion, pay those expenses which were incurred in the normal and ordinary course of business of the Receivership Assets prior to Receiver taking possession of the Receivership Assets if, and only if, (a) Receiver determines that payment of any such pre-existing expense is necessary and critical to the ongoing operation, maintenance, management, protection, and preservation of the Receivership Assets; and (b) Receiver has received Plaintiff's prior written consent.  Receiver shall not be required to perform under any contract or lease entered into prior to the date of this Order.  Notwithstanding the foregoing, Receiver may, in Receiver's sole discretion, perform under such contracts or leases.

17.     Receiver shall perform its obligations hereunder and make disbursements in accordance with, and subject to, the terms of this Order and the budget agreed upon between Plaintiff and Receiver on a monthly basis (the "Budget").  Initially, and subject to modification by agreement between Plaintiff and Receiver, Plaintiff shall fund a Budget of $250,000 for the first month of this receivership, plus an additional $200,000 per month for two (2) consecutive months thereafter plus the reasonable fees and expenses of the Receiver and its counsel.  Plaintiff and Receiver shall work in good faith to agree upon a monthly Budget thereafter.  In the event that the parties cannot agree on a monthly Budget thereafter, any party may move on an expedited basis to terminate the receivership.  Receiver shall not make disbursements in excess of the Budget without Plaintiff's prior consent.

18.     Receiver, in consultation with Plaintiff, shall use best efforts to timely provide any financial reporting requested by Plaintiff, and shall provide a copy of same to Black.

19.     Receiver or its designee shall keep a true and accurate account of any and all receipts and expenditures and shall, within three (3) months file an inventory of all Receivership Assets and after the filing of the inventory report , and at such regular intervals of three (3) months thereafter until discharged, file reports of Receiver's receipts and expenditures and of Receiver's acts and transactions in Receiver's official capacity.

20.     Receiver shall not be personally liable for any employee wage and/or benefit claims arising under federal or state laws, including but not limited to, liabilities arising out of any health and/or retirement plans of Defendants, including, but not limited to, any 401k plans, pension plans, retirement plans whether or not said plans are qualified under the Employee Retirement Income Security Act, or any other retirement provided by Defendant.  Receiver shall have no obligation to manage, fund, oversee or account for any health and/or retirement, pension, 401k, or other

employee benefit plan, qualified or unqualified for any current or former employee, officer or agent of the Defendant.

21.    Neither Receiver nor Plaintiff shall have the right or obligation to file any local, state or federal tax returns on behalf of any of Defendants or shall have any obligations or duties with respect to the personal liability or affairs of Defendants.  Defendants shall be responsible for managing its tax issues.  Receiver shall cooperate with Defendants to insure that all tax obligations are paid in the ordinary course of Defendants' business and shall cooperate with Defendants to permit Defendants to file all necessary and appropriate tax documents.  Receiver shall insure that any trust fund taxes accruing after the Effective Date are collected, segregated and paid over to the appropriate taxing authority in a timely fashion.  Any and all employment or trust fund type taxes incurred after the Effective Date shall be paid before paying any other expenses or costs of Defendants' business.  Notwithstanding any provision of this Order to the contrary, the Defendants shall have the exclusive power and authority to prepare and file all federal, state, and local income tax returns, and the Receiver shall reasonably cooperate with the Defendants in preparing and filing said tax returns.

22.    All funds advanced by Plaintiff to Receiver shall be secured by a first, valid and perfected lien and security interest in the Receivership Assets senior to all other liens and security interests in the Receivership Assets, which lien shall be valid and perfected without the necessity of recordation, filing, or any other act of Plaintiff, and Receiver is authorized, but not required, to issue receivership certificate(s) to evidence and secure any such protective advances by Plaintiff. Such advances by Plaintiff to Receiver shall be paid as a first priority payment from the proceeds of the sale of the Receivership Assets and taxed as an administrative expense of the receivership.

23.     Neither Receiver nor Plaintiff shall have any personal liability for any environmental liabilities arising out of or relating to Defendants or Defendants' businesses or the Receivership Assets.

24.     Except in instances of gross negligence, fraud, or willful misconduct, the liability of Receiver is and shall be limited to the Receivership Assets, and Receiver shall not be personally liable for any actions taken pursuant to this Order or carrying out Receiver's duties, excepting only claims which arise from the gross negligence, fraud, or willful misconduct as determined by a final order of this Court.  In carrying out Receiver's duties as set forth herein, Receiver is entitled to act in the exercise of Receiver's own sound business judgment as Receiver deems appropriate within Receiver's sole discretion subject only to the terms of this Order and applicable law.  Receiver shall not be liable for any action taken or not taken by Receiver in good faith and shall not be liable for any mistake of fact or error of judgment or for any acts or omissions of any kind unless caused by willful misconduct or gross negligence or fraud.  Receiver and all of its employees and agents shall be immune, each as an officer of this Court, for any personal liability of any kind arising from, caused by or in any way connected with exercising any rights or performing any duties in its capacity as Receiver unless caused by willful misconduct, gross negligence, or fraud.

25.     Plaintiff agrees to indemnify Receiver, its agents and subcontractors,  from any liability, debts, claims, demands, damages, actions, causes of action and/or judgments which (i) arise out of the receivership herein, (ii) are brought against Receiver, its agents or subcontractors, personally, and (iii) are not attributable to Receiver, its agents' or subcontractors' intentional misconduct or gross negligence; provided however, Plaintiff's indemnification obligations shall be limited to the extent of the value of the Receivership Assets and shall be satisfied solely from the proceeds thereof.  Payment of any such indemnification shall be an

obligation of the Defendants under any notes and/or agreements with Siena, including but not limited to, that certain Loan and Security Agreement dated November 1, 2021, (as amended, restated, supplemented, and modified from time to time).   Plaintiff agrees to advance funds to pay the Receiver's defense costs relating to any litigation covered by this indemnification.   For the avoidance of doubt, nothing herein shall be construed as an agreement by Plaintiff to indemnify any party (with the exception of Receiver) for any liability, debts, claims, demands, actions, causes of action and/or judgments of or against (a) either Defendants or (b) any of Defendants' officers, directors, shareholders or employees.   In no event shall any of Defendant's officers, directors, shareholders, members or employees be liable for any of Receiver's fees or expenses, or any action or inaction by Receiver in exercising its duties hereunder, including, without limitation, the operation of Defendant's business or the sale, abandonment or other disposition of Receivership Assets.

26.     Notwithstanding anything in this Order to the contrary, if in the event certain actions, or inactions, of the Receiver may cause the Defendants or Black, in their reasonable business judgment, liability or damage due to any environmental issues, the Defendants and/or Black may seek that corrective action be taken by filing an appropriate motion with this Court served upon the Receiver and the Plaintiff.

27.     The receivership authorized and created by this Order may be terminated at any time by Plaintiff or Receiver filing with the Court, with service upon Defendants, a Motion to Terminate Appointment of Receiver.

28.     As of the date of this Order, all persons and entities, including but not limited to Defendants' creditors and their respective officers, agents, representative and all other persons or entities acting under or in concert with such creditors are hereby placed on notice that all

Receivership Assets are in *custodia legis*, and, as such, under the protection of this Court, immune from attachment or other legal process, and subject entirely to control by Receiver as this Court's appointee. All persons are hereby enjoined from commencing or continuing to prosecute any action against the Receivership Assets outside of this action.

29. No legal actions, administrative proceedings, self-help remedies, or any other acts or proceedings under any federal, state or municipal statute, regulation or by-law shall be taken or continued against Receiver or the Receivership Assets, or any part thereof, without leave of this Court first having been obtained.

30. No utility or other vendor may terminate service or the provision of goods to the Receivership Assets as a result of the non-payment of pre-receivership obligations. Each utility company or entity providing service to Defendants shall forthwith transfer any deposits which it holds for the benefit of Defendants to the exclusive control of Receiver and shall be prohibited from demanding that Receiver deposit additional funds in advance to maintain or secure such service.

31. No insurance company shall be permitted to terminate coverage or refuse coverage for the Receivership Assets based on prior unpaid premiums, claims history or because of the appointment of Receiver pursuant to this Order. In addition, no insurance company shall be allowed to put in place more stringent payment arrangements during the term of the receivership pursuant to this Order.

32. Defendants shall not cancel any existing insurance policies on the Receivership Assets prior to the expiration of their terms without the consent of Plaintiff.

33. The authority granted to Receiver herein is self-executing. Receiver is authorized to act in accordance with this Order on behalf of, and in Defendants (or Receiver's) name(s), as

Receiver deems appropriate without further order of this Court and without personal recourse against Receiver (subject to any recourse described herein).

34.     This Order may be modified by order of the Court after notice to Receiver, Defendants and Plaintiff or if any party brings a request before the Court for any modification hereto.

35.     Nothing in this Order shall impair Plaintiff's rights and remedies against any guarantor or third party.

36.     The Court shall retain jurisdiction and supervision of all matters concerning Receiver, the receivership created hereby and the Receivership Assets.  Any and all actions which affect Receiver or the Receivership Assets shall be brought in this Court.  Receiver may seek instructions and additional authority from this Court upon written notice to Plaintiff.

37.     This Order shall be effective immediately upon entry and for all purposes.  Within two (2) days of the entry of this Order, Plaintiff shall serve a copy of this Order on Defendants and within twenty-one (21) days, upon all known creditors of Defendants.  Actual notice may be accomplished by delivery of a copy of this Order by hand, U.S. mail, courier service, facsimile, email, or any other reasonable means of delivery.

38.     The terms of this Order shall continue in full force and effect unless and until further order of this Court.

39.     **THIS IS A FINAL APPEALABLE ORDER AND THERE IS NO JUST REASON FOR DELAY.**

BY THE COURT:

*Susan Paradise Baxter*

CONSENTED TO:

BLANK ROME LLP

*/s/ Joseph T. Moran*
Joseph T. Moran (PA Bar No. 47533)
Union Trust Building
501 Grant Street, Suite 850
Pittsburgh, Pennsylvania 15219
Telephone: (412) 932-2800
Facsimile: (412) 932-2777
joseph.moran@blankrome.com

John E. Lucian (PA Bar No. 92317)
Lawrence R. Thomas III (PA Bar No. 327707)
One Logan Square, 130 North 18th Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5555
john.lucian@blankrome.com
lorenzo.thomas@blankrome.com

*Counsel for Plaintiff*

LEECH TISHMAN

*/s/John M. Steiner*
Michael Kruszewski (PA Bar No. 91239)
1001 State Street, Suite 1400
Erie, PA 16501
Telephone: (814) 273-7100
Facsimile: (412) 227-5551
mkruszewski@leechtishman.com

John M. Steiner (PA Bar No. 79390)
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
Telephone: (412) 261-1600
Facsimile: (412) 227-5551
jsteiner@leechtishman.com

*Counsel for Receiver*

NIETUPSKI ANGELONE, LLC

*/s/Anthony Angelone*
Anthony Angelone (PA Bar No. 56206)
3204 State Street
Erie, Pennsylvania 16508
Telephone: (814) 454-1600
aa@nalawfirm.net

*Counsel for Defendants*

BERNSTEIN-BURKLEY, P.C.

*/s/David W. Ross*
David W. Ross (PA Bar No. 62202)
601 Grant Street, 9th Floor
Pittsburgh, Pennsylvania 15219
Telephone: (412) 456-8126
Facsimile: (412) 456-8135
dross@bernsteinlaw.com

*Counsel for Samuel Black*